MOTION PICTURE PATENTS CO. v. LAEMMLE et al.

(Circuit Court, S. D. New York. February 23, 1911.)

PATENTS (§ 326*)—SUITS FOR INFRINGEMENT—VIOLATION OF INJUNCTION—CONTRIBUTORY INFRINGEMENT.

Defendants had been enjoined from infringing complainant's patent for a moving picture machine. An applicant for employment by them as stage director of the taking of moving pictures, in order to demonstrate his efficiency, arranged to take a series of pictures on two occasions, employing the actors and camera man, who used one of the infringing machines. The films were delivered to defendants, who also paid all the expenses of the taking. *Held*, that the man in charge acted as their agent, and that they were chargeable as contributory infringers, and subject to punishment for contempt for violation of the injunction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

In Equity. Suit by the Motion Picture Patents Company against Carl Laemmle and the Independent Moving Pictures Company. On motion to punish defendants for contempt. Motion sustained.

Dyer, Dyer & Taylor (J. Edgar Bull and John Robert Taylor, of counsel), for complainant.

Kenyon & Kenyon (Wm. J. Wallace, of counsel), for defendants.

LACOMBE, Circuit Judge. Upon the argument so much of the motion was withdrawn as sought to hold defendants for any use of the Gaumont camera. The only matter left is the use on two occasions of a camera by Smallwood in connection with Powers, prior to the latter's permanent employment by defendant company. There seems to be little doubt that the camera used by Smallwood was of the infringing Warwick type. The real controversy is whether his use of it in connection with Powers was of such a character that defendant corporation, for whom the pictures were taken and to whom the negatives were delivered, cannot be held as infringer, or as a contributory infringer, under the authorities. The leading case is Keplinger v. De Young, 10 Wheat. 358, 6 L. Ed. 341, where defendant had a contract with H. & K., whereby the latter were to manufacture and deliver to him watch chains of a certain type, and the watch chains were with defendant's knowledge in fact made on a machine which infringed complainant's patent. The court held that these facts alone would not warrant a finding that defendant had infringed, if the contract were real and not colorable. It further held that there was sufficient evidence in the case to warrant a jury in finding that the contract was a colorable device and that the infringing machine was really hired by defendant.

In the case at bar the facts are peculiar. Powers had been employed by defendant corporation in one matter, and, that having terminated, sought further employment as stage director of the taking of moving pictures. On the two occasions referred to Powers acted as stage director, securing actors, accessories, camera man, etc., and took pictures "experimentally," as defendants say, in order to demonstrate how efficient a man he was. His work was so satisfactory that he secured employment with defendant. But defendant did not merely buy the films taken on these two days from Powers. They paid all the expenses of the experiment, the charges of actors, camera man, etc., and supplied the accessories. It does not seem to me that Powers was an independent contractor in the sense that H. & K. were in the case cited, supra. Such a holding would make it easy to infringe without responsibility. The pictures were taken for defendants, at their expense, through Powers as their agent, and if, through his failure to examine the camera used by the man he hired to operate it, an infringing machine was used to take the pictures, defendant is responsible.

The court, however, is not disposed to discredit the affidavits submitted by defendants, which show that the occurrence was a sporadic one, not likely to occur again, and not planned by defendants as a cover for deliberate, or even careless, infringement. Of course, if the same thing should happen again, that circumstance might indicate design; but on the record as it stands the penalty for violation of the order should be nominal only—$10 payable to the United States, and $100 to complainant for the cost of procuring and preparing the affidavits, which deal with this branch of the case.

These penalties are imposed on the defendant corporation only.